Selectmen of St. Albans *vs.* John Curtis, 2d, and others.

> Where the condition of a bond is simply to indemnify and save harmless the obligee from the payment of a debt, or damages, the condition is not broken, until the obligee has been compelled to pay, or, having become liable has actually paid the debt or damages, or has been arrested, or in some way sustained actual damages.

*Franklin,*
*December,*
*1813.*

JOHN Curtis, 2d. was on the 12th day of March, 1810, appointed first Constable and Collector of the town of St. Albans, and for the faithful performance of the duties of that office, and to indemnify the town, he and the two other defendants, John Nason and Jehial Holdridge, executed a bond to the Selectmen, in the penal sum of

one thousand dollars, on which bond this action is brought.
The declaration states the occasion of giving the bond, and sets
forth the bond and also the condition, which is—That, if the said
John Curtis, 2d. shall well and faithfully execute the office of first
Constable and Collector, for the town of St. Albans, for the year
ensuing, and shall at all times indemnify and save harmless, said
town from all damages, costs and charges, that may in any man-
ner accrue to said town, from the neglect, default or laches of the
said John Curtis, 2d. in his said office of Constable and Collector,
as aforesaid, then &c. The breach of which condition, is assigned as
follows to wit : That on the 18th day of December, 1810, the
Treasurer of the State, Benjamin Swan, issued a warrant to said
John Curtis, Constable and Collector, as aforesaid, to collect of the
inhabitants of St. Albans, a tax of one cent on the dollar of the
list, granted by the legislature &c—amounting to the sum of
two hundred thirteen dollars seventy-five cents, and to pay the same
over to said Treasurer, on or before the first day of June, then next.
That the Selectmen of St. Albans, made out an assessment or rate
bill of said tax, and delivered it to said John Curtis, Constable and
Collector, as aforesaid, (no time when) and on receipt thereof, to
wit, at St. Albans, aforesaid, on the day and year last aforesaid,
the said John Curtis promised and engaged to said Selectmen, to
collect said tax and pay it over according to law. Yet the said
John Curtis, not regarding the duties of his said office, or his prom-
ise and engagement, so made and entered into as aforesaid, has nev-
er paid to the treasurer of said State, the amount of said tax, or any
part thereof, though often requested and demanded. That on the
fifth day of June, 1811, Benjamin Swan the said Treasurer, issued
an extent against the said John Curtis, directed to the Sheriff of
Franklin County, commanding him (in the usual form) to collect
of the said John Curtis, the sum of one hundred ninety three dol-
lars sixty four cents, being the amount in which the said John
Curtis, was delinquent, on the aforesaid tax. Which extent was
made returnable in sixty days, from the time it should be received
by said Sheriff. That the Sheriff received it on the 18th day of July,
1811 ; and afterwards the Sheriff returned that extent, with a cer-
tificate thereon endorsed, in the words and figures following to wit:
Franklin County, September 2d, 1811.   I cannot find goods, chat-

*Franklin,*
December,
1813.

St. Albans,
*vs.*
J. Curtis, 2

tles, or estate of the said John Curtis, 2d, to satisfy this extent, I therefore return the same wholly unsatisfied.

SETH WETMORE, *Sheriff.*

By reason of all which the said town of St. Albans, has been damnified, and has by reason of said Curtis, laches, default and neglect, suffered damage to the amount of the aforesaid sum of one hundred ninety one dollars sixty four cents, and lawful interest thereon, to the amount of twelve dollars forty five cents, and a large amount of Costs, to wit, twenty dollars whereby an action hath accrued, &c.

To this declaration there was a demurrer and joinder.

The court on the opening of the cause, observed, that the declaration was very loosely and inaccurately drawn.—That in one part of the declaration, one of the defendants, the Collector, is charged in *assumpsit,* which is superfluous and improper. Nor is it perceived, that what is there averred, as a breach of the promise alledged, can be taken as an assignment of a breach of the condition of the bond. What follows and probably was intended as an assignment of a breach of the condition, is very vague. It contains no direct averment that the Collector had not collected and paid over the tax.—It is stated, that on the 15th day of June, 1811, the Treasurer issued an extent against the Collector, for the sum of one hundred ninety ty one dollars sixty four cents, being the amount in which the said Curtis was delinquent. Nor is it avered, that the Collector did not pay and satisfy the extent, or that the Sheriff could not find goods whereof to satisfy it, and therefore returned the same *non est.* Instead of this, it is stated, that the Sheriff, on the 2d day of September, 1811, returned the extent into the office of the Treasurer, with the following certificate thereon endorsed ; which is recited in *hace verba;* although this may be considered as evidence of a *non est,* yet the fact, that the extent was returned *non est,* is not alledged.

The counsel, both of the plaintiff and defendants then said, that it was the wish of both parties, to submit to the court only the single question, whether the town of St. Albans, having become liable to an extent, although no such extent had been issued, and no costs or expense had yet been incurred, an action could be maintained on the condition of indemnity. The counsel were thereupon directed to proceed in the argument of the question stated.

*Wetmore*, for the defendants.—To maintain this action, for a breach of the condition of indemnity, it is incumbent on the town to shew that they have been damnified, and how they have been damnified. Admit that the Collector has not paid over the whole amount of the tax, committed to him for collection ; that an extent had been issued against him, which had been regularly returned *non est*, whereby the town had become liable to pay, liable to an extent against them for the tax which had not been paid over. Yet the town have not thereby been damnified, they have not been compelled to pay—they have not paid any sum whatever, and have been put to no expense by reason of any latches or default of the Collector. It is indeed, avered generally that the town had been put to costs and expense ; but it is not shewn how this has or could have happened. This is not sufficient ; it is left merely on the liability ; but merely to have permited a liability ·to be incurred, is not a breach of this condition of indemnity.

*Aldis* and *Swift* for the plaintiff.—Contended that it was a sufficient breach of the condition, that a liability had been incurred through the default or latches of the Collector. That it was not necessary, to the maintenance of this action, that the party to be indemnified, should have paid, or been compelled to pay any thing. In support of which, they cited 5 Coke, 25, Broughton's case. 5 T. Rep. 317.—Cox and others, *vs.* A. Joseph, executrix.—Cro. El. 123, Barkeley and Gibbs *vs.* Kempston.

CHIPMAN, Ch. J. The exception relied upon is, that it does not appear by the declaration, that the town of St. Albans has been damnified, has been put to any trouble or expense ; but merely that the town, has on the *non est* return by the Sheriff, of the extent against the Collector, become liable to an extent for the sum in which the Collector has been delinquent. Authorities have been produced, from which it appears that there are some ancient cases and dicta, which seem to support the opinion, that in this kind of action, it is sufficient that the person to be indemnified has become liable to suffer without having actually sustained any damage. But it is settled by modern authorities, that the person to be indemnified, to entitle him to maintain an action, must shew that he has sustained damages in the payment of the money, or in something to which the contract of indemnity extends. It is not indeed necessary, that he should wait to be sued before he pays the money,

*Franklin,*
December,
1813.

St. Albans,
*vs.*
J. Custis, 2

*Franklin,*
December,
1813.

St. Albans,
*vs.*
J. Curtis, 2

against the payment of which he is to be indemnified.  When the liability has attached he may in general pay, and maintain his action on the contract of indemnity.  But merely to have become liable is not sufficient ; this appears to be the settled law, and is consistent with sound reason.  There is, however, a clear distinction to be made, and which has not been attended to in all the cases, or perhaps in the abridgement of the cases.  Where the condition is simply to save harmless from the payment of a debt, the condition is not broken until the obligee has been compelled to pay, or having become liable has actually paid or been put to expense.  But if the condition be, that the obligor shall pay the debt when it shall become due, and discharge the obligee from the debt, and also save him harmless; in such case, if the obligor shall not pay the debt, or procure the obligee to be discharged therefrom, when it shall fall due, the obligation is forfeit; for it is sufficient if one condition be broken.  The surety has a right ; and it is often a matter of prudence to hasten a discharge of the debt, by such a special condition.

Broughton's Case, 5 Coke, 24, which has been cited by the plaintiff's council, was that of a surety, who, when the debt became due, paid it for the principal, without waiting for a suit against him.  It was said, indeed, in that case that the plea *non damnificatus*, implied that the defendant had saved the plaintiff harmless, by a release, payment or otherwise.  But this was a mere dictum, and quite out of the case, as the plaintiff had actually paid the debt.

In Freeman *v.* Sheen, Croke James, 340, Coke and all the court held, that where one is obliged to acquit another, it is not sufficient to save him harmless, but he ought to procure his actual discharge.  This clearly admits the distinction.  Barkely and Gibbs, *v.* Kempston, Croke, El. 123, was on a promise to keep a prisoner safely, and to save the plaintiff's bailiffs, of Worcester, harmless of all escapes.  The action was held to lie, for the breach in not keeping the prisoners safely, who had been suffered to escape, and that, although the Bailiffs had not been sued.  Here again the same distinction, although not *noticed by the* reporter.  Griffith *v.* Harrison, 1 Salk. 196, was an action on a covenant, for quiet enjoyment, and that the plaintiff should be free and clear, and clearly discharged *or* saved harmless of all arrears of rents, &c.  The court held the assignment of the breach bad, because the plaintiff had not shewn a disturbance in the enjoyement; for that the

rent being in arrear, was not a breach of the covenant. In this case the same distinction is made.

<span style="float:right">*Franklin,* December, 1813.</span>

Perhaps in the case before the Court, but on this the Court give no opinion, a sufficient breach might have been assigned on the condition that John Curtis 2d, should well and faithfully execute the office of Constable and Collector. But such breach is not assigned, unless it be taken by implication, which cannot be done. There must therefore be